# **EXHIBIT B**

6/23/2022 1:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65717250
By: Marcella Hill
Filed: 6/23/2022 1:28 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **VERONICA GARZA** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| **WALMART STORES INC. D/B/A** | § | |
| **WALMART #2066 AND WAL-MART** | § | |
| **STORES TEXAS, LLC** | § | |
| *Defendant.* | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **VERONICA GARZA**, Plaintiff in the above-numbered and entitled cause of action (hereinafter referred to as "Plaintiff"), and files this, her Original Petition complaining of Defendants, **WALMART STORES INC. D/B/A WALMART #2066**, (henceforward Defendant Walmart #2066), and **WALMART STORES TEXAS, LLC** (henceforward Defendant Walmart Texas) and would respectfully show unto the Court as follows:

## PARTIES

1. Plaintiff, **VERONICA GARZA** is an individual residing in Harris County, Texas.

2. Defendant, **WALMART STORES INC. D/B/A WALMART #2066**, is a domestic corporation doing business in the State of Texas and may be served with process by and through its store manager, at 2727 Dunvale Rd., Houston, Texas 77063, or wherever he/she may be found. Plaintiff will effectuate service according to the TEXAS RULES OF CIVIL PROCEDURE.

3. Defendant, **WALMART STORES TEXAS, LLC**, is a domestic corporation doing business in the State of Texas and may be served with process by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. Plaintiff will effectuate service according to the TEXAS RULES OF CIVIL PROCEDURE.

## VENUE

4. Venue is proper in Harris County, Texas, pursuant to §15.002 (1) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE in that Plaintiff's cause of action accrued in whole or in part in this county.

## DISCOVERY

5. Plaintiff intends to conduct discovery pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE, Level Two (2).

## MISNOMER/ ALTER EGO

6. In the event any party is misnamed or is not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

7. Further, to the extent that any above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby respectfully demands that, upon answering this suit, that any such Defendant answer in their correct legal name and assumed name.

## BACKGROUND FACTS

8. This cause of action is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as reasonable medical expenses, pain and suffering, physical impairment, disfigurement, and mental anguish, which Plaintiff has suffered, and in reasonable probability, will continue to suffer in the future, resulting directly and proximately from personal injuries suffered in an incident that occurred on or about September 14, 2020.

9. On or about September 14, 2020, Plaintiff was seriously injured on the premises located at 2727 Dunvale Rd., Houston, Texas 77063. Upon information and belief, said property is owned, managed, leased, and/or controlled by Defendant Walmart #2066. On that date, Plaintiff, who was an invitee on the premises for business purposes, was seriously injured by a shelf falling down onto Plaintiff's ankle near Defendant's school supplies section, due to Defendant and its employee's negligence. Plaintiff was shopping in an aisle, when a female employee who was stocking shelves or re-arranging items in the same aisle somehow caused a shelf to fall in between Plaintiff's feet and onto Plaintiff's left ankle. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendants either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

## NEGLIGENCE OF DEFENDANT WALMART STORES INC. D/B/A WALMART #2066

10. On the above date, Defendant **WALMART STORES INC. D/B/A WALMART #2066**, upon information and belief was the manager, owner, or lessee of the premises located at 2727 Dunvale Rd., Houston, Texas 77063, and occupied and controlled the location of the incident of which Plaintiff complains. As the owner, lessee, and/or manager of the premises, Defendant owed a duty of ordinary care to inspect, fix, make safe, or give adequate warning about any dangerous conditions. Defendant was negligent by not taking reasonable care to inspect, eliminate, reduce, or give adequate warnings about the dangerous condition prior to this incident occurring.

11. Plaintiff was on the premises, which are open to the public, as a store patron, who conducts business with the Defendant, which makes Plaintiff an invitee.

12. As an invitee, Defendant owed Plaintiff a duty of ordinary care to inspect, fix or

make safe any dangerous conditions or to give adequate warning of dangers to guests. Defendant had a duty to maintain its premises such that customers are not exposed to dangerous conditions or injured by falling items including store shelves and products.

13. Plaintiff suffered serious injuries, for which this suit is brought, as a result of the above acts and omissions of Defendant which resulted in the dangerous condition on Defendant's premises.

14. Plaintiff would show that the following acts, omissions and/or conditions by Defendant were a direct and proximate cause of Plaintiff's damages:

   a. Defendant allowed, created, failed to reduce, or eliminate the risk from an unreasonably dangerous condition on the premises prior to this incident occurring;

   b. Defendant failed to adequately warn of the dangerous condition prior to this incident occurring;

   c. Defendant was negligent in failing to properly maintain the premises prior to this incident occurring;

   d. Defendant was negligent in not notifying the proper parties, in a timely fashion prior to this incident occurring, of the dangerous conditions so that steps could be taken to remedy the condition;

   e. Defendant was negligent in training their employees;

   f. Defendant failed to properly supervise their employees;

   g. Defendant was negligent in failing to properly inspect the premises prior to this incident occurring;

   h. Defendant failed to use ordinary care to reduce or eliminate an unreasonably dangerous condition which Defendants knew about, or in the exercise of reasonable care, should have known about;

   i. Defendant failed to properly maintain a safe environment; and

   j. other acts deemed negligent.

16. Each of the foregoing acts and omissions, taken singularly or in combination

constituted negligence and were a proximate cause of Plaintiff's injuries and damages as set forth below.

**RESPONDEAT SUPERIOR OF DEFENDANT WALMART STORES TEXAS, LLC.**

17. Defendant **WALMART STORES TEXAS, LLC** is legally responsible to Plaintiff for acts and omissions of its employees, agents, servants, and representatives under the legal doctrines of *respondeat superior*, agency and/or ostensible agency. As a result thereof, the Defendant Walmart Texas is vicariously liable for all negligence of its employees, agents, servants, and representatives

**DAMAGES**

18. As a direct and proximate result of the occurrence made the basis of this action, Plaintiff **VERONICA GARZA** suffered personal injuries. Further, to the extent, if any, that Plaintiff suffered from a pre-existing condition, if any, the incident made the basis of this lawsuit aggravated the pre-existing condition to the point that it became symptomatic or more symptomatic than it was before the collision. Defendants' negligence has proximately caused Plaintiff to suffer the following elements of damages in the past and Plaintiff will, in all reasonable probability, continue to suffer such elements of damages in the future:

    a. medical care and expenses;

    b. physical pain and suffering and mental anguish;

    c. physical impairment;

    d. disfigurement;

    e. lost wages;

    f. loss of earning capacity; and/or

    g. all other relief, at law or equity, to which Plaintiff may be entitled.

Plaintiff has suffered damages from Defendants' wrongful conduct described herein. As discussed in this Petition, Plaintiff has suffered not only easily quantifiable economic damages, but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiff with the inalienable fundamental right to have her case heard and decided by a jury of her peers at trial. In accordance with these fundamental rights, it will ultimately be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendants' wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages she is seeking, Plaintiff believes that when the totality of her damages is considered, along with the wrongful nature of Defendants' conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed two hundred fifty thousand dollars, but it is unlikely that a jury would decide that Plaintiff's damages exceed one million dollars. Plaintiff seeks monetary relief of over $250,000.00 but not more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff sues for a sum within the jurisdictional limits of the Court to be determined by the jury in its sole discretion.

## PRESERVING EVIDENCE

19.     Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including, but not limited to:

        a) photographs;
        b) videotapes;
        c) audiotapes;
        d) recordings;

e) transaction records;
f) bills;
g) estimates;
h) invoices;
i) checks;
j) measurements;
k) equipment;
l) correspondence;
m) certificates;
n) memoranda;
o) files;
p) facsimiles;
q) emails;
r) internal communications;
s) any records related to any transaction
t) voice mails;
u) text messages;
v) investigation;
w) cellular telephone records;
x) calendar entries;
y) diary entries;
z) log books;
aa) any incident reports;
bb) insurance policies;
cc) witness statements; and
dd) any electronic image, data, or information related to the referenced incident.

20. Failure to maintain such items will constitute "spoliation" of the evidence.

## JURY DEMAND

21. Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff demands trial by jury and tenders the jury fee along with this filing.

## RULE 193.7 NOTICE

22. You are hereby given notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 of Plaintiff's intent to offer any and all documents produced by Defendants in response to any discovery request as evidence in any pretrial proceeding or at trial.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants, **WAL-MART STORES INC. DBA WALMART #2066**, and **WAL-MART STORES TEXAS, LLC**, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**JOHN K. ZAID & ASSOCIATES**

By: _____
    **JOHN K. ZAID**
    State Bar No. 24037764
    Email: john@zaidlaw.com
    **RYAN E. BILL**
    State Bar No. 24087038
    Email: ryan@zaidlaw.com
    **GREGORY M. GARVIN**
    State Bar No. 24107003
    Email: gregory@zaidlaw.com
    16951 Feather Craft Lane
    Houston, Texas 77058
    Telephone: (281) 333-8959
    Facsimile:  (888) 734-1236
    E-service:  service@jkz.legal

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Claudia Leung on behalf of John Zaid
Bar No. 24037764
claudia@zaidlaw.com
Envelope ID: 65717250
Status as of 6/23/2022 2:07 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Claudia LLeung | | claudia@zaidlaw.com | 6/23/2022 1:28:45 PM | SENT |
| Gregory Garvin | | service@jkz.legal | 6/23/2022 1:28:45 PM | SENT |

Case 4:22-cv-02520   Document 1-2   Filed on 07/28/22 in TXSD   Page 11 of 14

7/25/2022 12:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66629552
By: C Ougrah
Filed: 7/25/2022 12:46 PM

CAUSE NO. 2022-37667

| | | |
|---|---|---|
| VERONICA GARZA | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| WALMART STORES INC (D/B/A | § | |
| WALMART #2066) AND WAL-MART | § | |
| STORES TEXAS, LLC | § | |
|     Defendant. | § | 129TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WAL-MART STORES TEXAS, LLC, (incorrectly also named Walmart Stores Inc. (D/B/A Walmart #2066), files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.  General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Original Petition.

### II.  Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III. Prayer

FOR THESE REASONS, Defendant WAL-MART STORES TEXAS, LLC, (incorrectly also named Walmart Stores Inc. (D/B/A Walmart #2066) respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant WAL-MART STORES TEXAS, LLC, (incorrectly also named Walmart Stores Inc. (D/B/A Walmart #2066) and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on July 25, 2022, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 66629552
Status as of 7/25/2022 12:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Claudia LLeung | | claudia@zaidlaw.com | 7/25/2022 12:46:02 PM | SENT |
| Carmen Garcia | | edocket@mehaffyweber.com | 7/25/2022 12:46:02 PM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 7/25/2022 12:46:02 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 7/25/2022 12:46:02 PM | SENT |